Alford Law PLLC
Elliot Alford, Esq. (SBN 029433)
3 N. Leroux St, Suite 200
Flagstaff, AZ 86001
(928) 607-1710
FAX: (928) 233-8687

*Attorney for Plaintiff*
MARIO RENE HIDALGO LOPEZ an individual,
and as successor-in-interest to decedent,
RAQUEL EVANGELINA CALDERON DE HIDALGO

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, <br><br> Plaintiffs, <br><br> vs. <br><br> Defendants, <br><br> CORECIVIC, a private entity; and DOES 1 through 10, inclusive. | **Case No.** <br><br> [*Honorable* ] <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Negligence, Negligent Training, Negligent Conduct, Negligent Denial of Medical Care and Negligent Supervision -Wrongful Death <br> 2. Fourth and Fourteenth Amendment—Conditions of Confinement and Denial of Medical Care (42 U.S.C. § 1983) <br> 3. Government and Supervisorial Liability (Bivens) <br> 4. Fifth and Fourteenth Amendment—Interference with Familial Relationship (42 U.S.C. § 1983) <br> 5. Ratification (42 U.S.C. § 1983) <br> 6. Inadequate Training (42 U.S.C. § 1983) <br> 7. Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br><br> **DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiff MARIO RENE HIDALGO LOPEZ, individually and as a successor-in-interest to Decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO ("Plaintiff") for his Complaint against Defendant CORECIVIC, a private entity ("Defendant"); and DOES 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This civil action is brought for the redress of deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant, CORECIVIC resides in this Judicial District.

3.      Plaintiff served government claims pursuant to 28 Code of Federal Regulations 14.2, et seq. on November 21, 2018.

## INTRODUCTION

4.      This civil rights action seeks compensatory damages from Defendants for violating various rights under the United States Constitution and State law in connection with the death of RAQUEL EVANGELINA CALDERON DE HIDALGO, while in the custody of U.S. Immigrations and Customs Enforcement (ICE) at Eloy Detention Center, owned and operated by CORECIVIC, a private detention facility ("Defendant").  Plaintiff's standing to bring this action is vested on A.R.S. Section 12-612.  Plaintiff MARIO RENE HIDALGO LOPEZ, an individual, and as successor-in-interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, brings this action in his individual capacity for wrongful death damages and in his capacity as successor-in-interest to his wife, RAQUEL EVANGELINA

CALDERON DE HIDALGO, for wrongful death, including survival damages for MS. CALDERON DE HILDAGO's loss of life, loss of enjoyment of life, pre-death pain and suffering, and funeral and burial expenses and punitive damages.

## PARTIES

5.    At all relevant times, RAQUEL EVANGELINA CALDERON DE HIDALGO ("DECEDENT") was an individual residing in Guatemala.

6.    Plaintiff, MARIO RENE HIDALGO LOPEZ ("PLAINTIFF") is an individual residing in the County of Ventura, California, and is the widower of Decedent RAQUEL EVANGELINA CALDERON DE HIDALGO.  PLAINTIFF sues pursuant to Federal Rules of Civil Procedure, Rule 17(c)(2).  PLAINTIFF sues both in his individual capacity as the widower of DECEDENT, and in a representative capacity as successor-in-interest to DECEDENT.  PLAINTIFF seeks both survival and wrongful death damages under federal and state law.

7.    At all relevant times, Defendant CORECIVIC, formerly the Corrections Corporation of America ("CORECIVIC") is an unknown form of business entity operating several facilities in the District of Arizona.  The Defendant, CORECIVIC, owns and operates the Eloy Detention Center in Eloy, Pinal County, Arizona under contract with the U.S. Immigration and Customs Enforcement, housing immigration detainees.  As such, CORECIVIC performs a public function traditionally reserved to the government and is therefore subject to suit under 42 U.S.C. § 1983.  CORECIVIC is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies.  At all relevant times, CORECIVIC was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the detention center and its employees and agents complied with the laws of the United States and of the States in which it resides.

8.    At all relevant times, CORECIVIC was the employer of Defendants DOES 1-10, inclusive.

9.     Defendants DOES 1-10 are corrections workers, medical services employees, CORECIVIC personnel, and / or final policymakers for the CORECIVIC. These individuals were acting under color of law and or in the course and scope of their employment with CORECIVIC.  Plaintiff is currently unaware of the true identities of these defendants, but will amend the complaint to name them with their true names as soon as the same is ascertained.  DOES 1-10 are sued in their individual capacities.  Each of the fictitious named Defendants are responsible in some manner for the conduct and liabilities alleged herein.

10.    At all times mentioned herein, each and every CORECIVIC defendant was the agent of each and every other CORECIVIC defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CORECIVIC defendant.

11.    In doing the acts, and failing and/or omitting to act as hereinafter described, Defendants were acting on the implied and actual permission and consent of Defendants CORECIVIC, and DOES1 -10 who are supervisory and policymaking personnel.

12.    At all times relevant to the Complaint, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and/or employment of each and every Defendant.

13.    All individually named Defendant DOES are sued in their individual capacities.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    Plaintiffs repeat and re-allege each and every foregoing allegation with the same force and effect as if fully set forth herein.

15.    On or about November 18, 2016, DECEDENT, RAQUEL CALDERON DE HIDALGO (age 36) was arrested near Robles Junction by the U.S. Border Patrol.

16.    On or about November 23, 2016, DECEDENT was transferred to ICE custody at Eloy Detention Center, owned and operated by CORECIVIC.

-4-
COMPLAINT FOR DAMAGES

DECEDENT was suffering from injuries and in need of proper nourishment and medical treatment. CORECIVIC failed to identify her need for medical attention, or give her any medical treatment whatsoever. Defendants left DECEDENT in her cell where she experienced severe dehydration, malnutrition, and seizures.

17. On or about November 27, 2016, DECEDENT collapsed and experienced at least two seizures. DECEDENT was eventually transported to Banner Casa Grande Hospital emergency department.

18. The Emergency Physician noted that DECEDENT'S arrest was "very much in question" because she was so young and presumptively had no cardiac history. Rescusitative efforts were performed, but DECEDENT did not regain a pulse and was pronounced dead shortly thereafter.

19. An autopsy was performed. DECEDENT'S death certificate listed her immediate cause of death as Pulmonary Emboli due to, or as a consequence of, deep vein thrombosis.

20. CORECIVIC knew that inmates must be properly fed, and medically evaluated and periodically checked for signs of medical trauma and emergency. CORECIVIC and its employees, agents, and assigns, knew that DECEDENT had not properly fed or medically evaluated, and knew that DECEDENT was not being sufficiently periodically checked. They also had actual or constructive knowledge that DECEDENT was subjected to exhaustion from having journeyed through the desert, that she was confined to a cell in which she had no medical care, and suffered severe injuries. Despite their knowledge of DECEDENT's medical need and as a result of the CORECIVIC'S failure to provide adequate medical care, CORECIVIC failed to identify that DECEDENT was suffering from a severe medical emergency and failed to timely summon medical aid and/or provide DECEDENT with medical aid. As a further result, DECEDENT died and efforts to resuscitate her were untimely and therefore unsuccessful. CORECIVIC is directly liable for the denial of medical

care to DECEDENT and for its integral participation and failure to intervene in the denial of medical care to DECEDENT.

21.    Pulmonary embolism and deep vein thrombosis can be caused by dehydration, extended sitting and/or lying down.  Following a harrowing journey through the desert, DECEDENT had been left in her cell without proper food, water, or medical care.

22.    Through a series of acts and omissions, DEFENDANTS ignored DECEDENT'S medical needs, failed to observe her or check her and failed to administer medical care to her.

23.    DEFENDANTS proximately caused DECEDENT'S death, through a series of acts and omissions, including unreasonable and deliberately indifferent denial of medical care, unreasonable and deliberately indifferent conditions of confinement, and negligence.

24.    Defendants acted, allowed others to act, omitted to take obligated actions, condoned, failed to prevent, or otherwise engaged in conduct that ultimately resulted in the wrongful death of DECEDENT.

25.    Based on all the applicable laws and regulations, Defendants had the duty to monitor, and to protect DECEDENT while she was in custody, and to ensure that she received necessary medical care.

26.    According to the death certificate, DECEDENT suffered pulmonary embolism and deep vein thrombosis.  Her death was preventable because her symptoms should have been observed by CORECIVIC staff, who should have responded with proper medical treatment.  If the DECEDENT died from pulmonary embolism and deep vein thrombosis, the DEFENDANTS are either improperly trained to observe and note the symptoms of pulmonary embolism and deep vein thrombosis, and that failure was a proximate cause of the DECEDENT's death, or, DEFENDANTS failed to make adequate observations of the DECEDENT's

symptoms, provide adequate medical care to treat those symptoms, and in so doing, proximately caused the DECEDENT's death.

27. The failure of DEFENDANTS to timely report the patient's symptoms and failure to medically evaluate the DECEDENT caused the DECEDENT pre-death pain and suffering and were each a substantial factor in causing the DECEDENT'S death.

28. The failure to preform timely and adequate checks on the DECEDENT while she was an inmate caused DECEDENT to suffer pre-death pain and suffering and was a proximate cause of the DECEDENT'S death.

29. The placement of the DECEDENT in her detainee cell, without any proper prior or follow-up medical evaluation, and without any legitimate penal interest, violated DECEDENT'S Fourth and/or Fourteenth Amendment rights, caused him to suffer significant pre-death pain and suffering, and was a proximate cause of the DECEDENT'S death.

30. DECEDENT died while in ICE Custody on November 27, 2016.

31. CORECIVIC knew or should have known that detainee having journeyed through the desert needed medical assessments, proper food and water, but they each failed to take measures to ensure that CORECIVIC staff are properly trained to perform proper medical evaluations. CORECIVIC'S failure to take any such measures to ensure the health and safety of the detainees resulted in the DECEDENT being left to die, and in this case, and was the moving force behind the violation of the DECEDENT's rights and a substantial factor in causing her death.

32. By failing to discipline, retrain, or terminate any of the involved CORECIVIC staff, CORECIVIC also ratified the failure to medically evaluate DECEDENT causing her to suffer injuries and death.

33. CORECIVIC also knew or should have known that the failure to medically assess and care and treat DECEDENT in this case was/were unconstitutional, but it each failed to discipline, terminate, or retrain the employees

responsible.  In so failing to act, CORECIVIC ratified their employees unconstitutional conduct in medically neglecting DECEDENT.

34.    CORECIVIC also knew or should have known that the employees have, or had at the time of this incident, inadequate training regarding persons who are in need of medical care, and/or experiencing a medical emergency.  Despite this knowledge, CORECIVIC failed take measures to ensure that Eloy Detention Center custodial staff are adequately trained on the medical care and treatment of detainees.  This failure was the moving force being the violation of DECEDENT'S rights and a substantial factor in causing the death of DECEDENT.

35.    CORECIVIC further knew or should have known that Eloy Detention Center staff were routinely – as they did in the case of DECEDENT – failing to make sufficient safety checks on detainees, that CORECIVIC staff were not medically evaluating detainees during their confinement.  Despite this knowledge, CORECIVIC failed to properly train Eloy Detention Center staff concerning CORECIVIC policies and the law, with respect to providing medical care to detainees, detainees' rights to medical care, and documenting medical care for inmates housed in the cells.  Their failure to train and their ratification of unconstitutional practices was the moving force behind the violation of DECEDENT's rights and a substantial factor in causing her death.

## FIRST CLAIM FOR RELIEF

### Negligence

**(Negligent Negligent Training, Negligent Conduct, Negligent Denial of Medical Care and Negligent Supervision)**

**(Wrongful Death)**

(MARIO RENE HIDALGO LOPEZ an individual, and as

successorin interest to decedent, RAQUEL EVANGELINA

CALDERON DE HIDALGO, Plaintiffs,vs. Defendants, CORECIVIC,

-8-
COMPLAINT FOR DAMAGES

formerly the Corrections Corporation of America; and DOES 1 through 10, inclusive.)

36.    Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

37.    The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a)    the negligent failure to medically evaluate her while in ICE Custody at Eloy Detention Center despite complaints of injury;

b)    the negligent failure to perform checks and the performance of negligent checks on her while she was in ICE Custody at Eloy Detention Center;

c)    the negligent documentation of the DECEDENT'S medical status and well-being while she was in ICE Custody at Eloy Detention Center;

d)    the negligent failure to render timely medical aid to the decedent when she was in a state of medical emergency and distress;

e)    the negligent failure to observe, document, and treat her symptoms of dehydration, seizures, deep vein thrombosis and pulmonary embolism, which would have prevented her death;

f)    the negligent supervision of the staff responsible for ensuring the decedent's safety and care during her confinement at Eloy Detention Center; and

g)    the negligent training and failure to train Eloy Detention Center custodial and medical staff on the issues and topics set forth above in this complaint.

38.    As a direct and proximate result of Defendants' negligence, DECEDENT died and Plaintiff was deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

39.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Plaintiff and

DECEDENT, entitling the Plaintiff, individually and as successor-in-interests to DECEDENT, to an award of exemplary damages.

40.    Plaintiff seeks wrongful death and survival damages under this claim. Plaintiffs also seek costs, interest and attorneys' fees under §1021.5.  Plaintiff was financially dependent on DECEDENT.

## SECOND CLAIM FOR RELIEF

**Conditions of Confinement and Denial of Medical Care (Fourth and Fourteenth Amendment—42 U.S.C. § 1983)**

(MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiffs, vs. Defendants, CORECIVIC; and DOES 1 through 10, inclusive.)

41.    Plaintiff repeats and re-alleges each and every foregoing allegation and paragraph with the same force and effect as if fully set forth herein.

42.    The Fourth Amendment to the US Constitution protects the rights of arrestees to adequate medical care.  The Fourteenth Amendment protects the rights of pretrial detainees to adequate medical care and to be free from punishment prior to conviction.  At the time of her death, DECEDENT was either an arrestee or a pretrial detainee.  Defendants violated DECEDENT'S right to adequate medical care and to be free from punishment prior to conviction by: failing to medically evaluate her, failing to adequately check on her, failing to preform adequate checks (and in some instances, any checks) on her; failing to observe and note her signs and symptoms of dehydration, seizures, pulmonary embolism, and deep vein thrombosis; failing to timely provide and summon medical aid when she was in a state of medical distress.

43.    As a result, DECEDENT suffered extreme pre-death pain and suffering, the loss of her life and the loss of enjoyment of her life.  She also suffered a loss of earning capacity.

44. Defendants are liable for DECEDENT'S injuries because they were an integral participant and/or because they failed to intervene to prevent the violations of DECEDENT'S rights.

45. The conduct of Defendant employees and medical services staff, was excessive, unreasonably, willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary damages.

46. Plaintiff MARIO RENE HIDALGO LOPEZ brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages for the violation of DECEDENT'S rights.

47. Plaintiff also seeks costs, interest, and attorney fees under this claim.

48. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the Plaintiff and DECEDENT, entitling the Plaintiff, individually and as successor-in-interests to DECEDENT, to an award of exemplary damages.

### THIRD CLAIM FOR RELIEF

**Government and Supervisorial Liability (Bivens)**

(By Plaintiff MARIO RENE HIDALGO LOPEZ an individual,

and as successor in interest to decedent, RAQUEL EVANGELINA

CALDERON DE HIDALGO, Plaintiffs, vs. Defendants, CORECIVIC;

and DOES 1 through 10, inclusive)

49. Plaintiff repeats and re-alleges each and every foregoing allegation and paragraph with the same force and effect as if fully set forth herein.

50. On and for some time prior to November 23, 2016 (and continuing to November 27, 2016), Defendants deprived Decedent and Plaintiff of their rights and liberties secured to them by the Fourth and Fifth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and

COMPLAINT FOR DAMAGES

deliberate indifference to the safety, rights, and liberties of the public in general, and of Decedent and Plaintiffs, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of: (a) employing and retaining as personnel who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens and non-citizens by failing to follow written CORECIVIC policies and constitutional mandates regarding administration of medical care and treatment; (b) condoning and fostering denial of adequate medical care and treatment by inadequately supervising, training, controlling, assigning, and disciplining employees who Defendants each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; (c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants CORECIVIC, and DOES 1-10;

(d) failing to adequately train employees regarding administering medical care and treatment and failing to institute appropriate policies, including constitutional procedures and practices of administering medical care and treatment, which also is demonstrated by inadequate training and ratification of prior misconduct related to these subjects.

51.    Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and Plaintiffs, and other individuals similarly situated.

52. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Decedent and Plaintiffs. Defendants actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

53. By reason of the aforementioned policies and practices of Defendants, DECEDENT and Plaintiffs suffered serious injuries and other harm.

54. The policies, practices, and customs implemented and maintained and still tolerated by Defendants were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

55. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT'S rights, entitling Plaintiff to an award of exemplary and punitive damages.

56. Plaintiff seeks wrongful death damages under this claim in his individual capacity. Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process—Interference with Familial Relationship

### (Fifth and Fourteenth Amendments 42 U.S.C. § 1983)

(By Plaintiff MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiffs, vs. Defendants, CORECIVIC, formerly the Corrections Corporation of America; and DOES 1 through 10, inclusive)

57. Plaintiff repeats and re-alleges each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

58. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions

that unlawfully interfere with their familial relationship with their husband and wife, DECEDENT.

59.     By the foregoing allegations of unconstitutional conditions of confinement, and denial of adequate medical care, the Defendants caused the DECEDENT'S death and in so doing, unlawfully interfered with the familial relationship between Plaintiff and DECEDENT.

60.     Plaintiff has therefore been deprived of the life-long love, companionship, comfort, education, support, society, care, financial support, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

61.     As a result of their misconduct, Defendants are liable for Plaintiff's loss and injuries because they were an integral participant and/or because they failed to intervene to prevent the conduct that caused DECEDENT'S death.

62.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and the Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

63.     Plaintiff brings this claim in their individual capacities for wrongful death damages.

64.     Plaintiff also seek costs and attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

### Ratification (42 U.S.C. § 1983)

(By Plaintiff MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiffs vs. Defendants CORECIVIC and DOES 1-10)

65.     Plaintiff repeats and re-alleges each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

66. At all times relevant to this complaint, Defendants acted under color of law.

67. The acts of Defendants deprived DECEDENT and Plaintiff of their rights under the United States Constitution.

68. Upon information and belief, at all relevant times, Defendants were upper management, supervisory personnel and final policymakers for the Defendants DOES 1-10. Defendants ratified and acquiesced in the acts and constitutional violations committed by the Defendants as alleged above, in denying medical care to the DECEDENT, and perpetrating the DECEDENT'S unlawful conditions of confinement.

69. Although the acts and omission of the Defendants in this case were known by Defendants, including the denial of medical care to DECEDENT, no re-training or disciplinary measures have been taken concerning any of the Defendants. Moreover, upon information and belief, Defendants have approved of the Defendants' actions, either expressly or implicitly by failing to take any remedial action in response.

70. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

71. Accordingly, Defendants are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72. Plaintiff brings this claim as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff seeks wrongful death damages under this claim in his individual capacity.

73. Plaintiffs also seek costs and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Failure to Train (42 U.S.C. § 1983)

(MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiffs, vs. Defendants, CORECIVIC, formerly the Corrections Corporation of America; and DOES 1 through 10, inclusive.)

74.     Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

75.     The individual Defendants acted under color of law.

76.     The acts of the individual Defendants deprived DECEDENT and Plaintiff of their rights under the United States Constitution.

77.     The Defendants CORECIVIC and DOES 1-10 had deficient and inadequate training policies for its employees and medical staff that amounted to deliberate indifference to the constitutional rights of persons with whom CORECIVIC staff are likely to come into contact in the usual and recurring situations that they encounter in a custodial setting.  The failure to train is so closely related to the deprivation of the DECEDENT'S and Plaintiffs' rights as to be the moving force that caused the ultimate injuries to DECEDENT and Plaintiffs, including:

a.     CORECIVIC staff are inadequately trained to summon medical care for a detainee, or have a detainee properly medically evaluated;

b.     CORECIVIC staff are inadequately trained to conduct proper and adequate checks on detainees;

c.     CORECIVIC staff are inadequately trained to document a detainee's status and medical health; and

d.     CORECIVIC staff are inadequately trained to preform medical evaluations of detainees.

-16-
COMPLAINT FOR DAMAGES

78. By reason of the aforementioned failure to train and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future financial support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

79. Accordingly, Defendants are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

80. Plaintiff brings this claim in each case as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff seeks wrongful death damages under this claim in his individual capacities.

81. Plaintiffs also seek costs and attorney's fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(MARIO RENE HIDALGO LOPEZ an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiffs, vs. Defendants, CORECIVIC; and DOES 1 through 10, inclusive.)

82. Plaintiff repeats and re-alleges each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

83. The individual Defendants acted under color of law.

84. The acts of the individual Defendants deprived DECEDENT and Plaintiff of their rights under the United States Constitution.

85. Within CORECIVIC, is a custom and practice that is longstanding and/or widespread, and so closely related to the deprivation of the DECEDENT'S and Plaintiffs' rights as to be the moving force that caused the ultimate injuries to DECEDENT and Plaintiffs, including:

a. Eloy Detention Center detainees are not medically evaluated;

-17-
COMPLAINT FOR DAMAGES

b.      CORECIVIC staff do not conduct proper and adequate checks on detainees;

c.      CORECIVIC staff are inadequately trained to summon medical care for a detainee, or have a detainee properly medically evaluated;

d.      CORECIVIC staff are inadequately trained to conduct proper and adequate checks on detainees;

e.      CORECIVIC staff are inadequately trained to document a detainee's status and medical health; and

f.      CORECIVIC staff are inadequately trained to preform medical evaluations of detainees.

86.      By reason of the aforementioned customs and practices, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future financial support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

87.      Accordingly, Defendants are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

88.      Plaintiff brings this claim in each case as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff seeks wrongful death damages under this claim in his individual capacity.

89.      Plaintiff also seeks costs and attorney's fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against all Defendants as follows:

A.      For compensatory damages against all Defendants, including both survival damages (pre-death pain and suffering under the federal survival claims and loss of life and loss of enjoyment of life under the federal and state survival claims)

and wrongful death damages under federal and state law, in an amount to be proven at trial;

      B.    For loss of financial support;

      C.    For funeral and burial expenses;

      D.    For exemplary and punitive damages against CORECIVIC and DOES 1-10 in an amount to be proven at trial;

      E.    For pre- and post-judgment interest at the maximum legal rate;

      F.    For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. §1988, §52.1, and §1021.5; and

      G.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated:  June 3rd , 2019      Alford Law PLLC

s/ _____
Elliot Alford
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a trial by jury.

Dated:  June 3rd, 2019                    Alford Law PLLC


s/
Elliot Alford
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES