David S. Cohen, Bar #016888
Elizabeth A. Gilbert, Bar #016498
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7823
dcohen@jshfirm.com
egilbert@jshfirm.com

Attorneys for Defendant InGenesis, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, B.H.; and L.H., minors, by and through their guardian ad litem, Mario Rene Hidalgo Lopez, individually and successors-in-interest to decedent, Raquel Evangelina Calderon de Hidalgo, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America; CoreCivic, a private entity; InGenesis, Inc., a private entity; and Does 1 through 10, inclusive, <br><br> Defendants. | NO. 2:19-cv-04332-ROS-CDB <br><br> **Defendant InGenesis, Inc.'s Answer to Plaintiffs' Fourth Amended Complaint for Damages** |

Defendant InGenesis, Inc. (hereinafter "Defendant"), answers Plaintiffs' Fourth Amended Complaint as follows:

1.      Defendant denies each and every, all and singular, of Plaintiffs' allegations not specifically admitted herein.

## JURISDICTION AND VENUE

2.      Answering Paragraph 1 of Plaintiffs' Fourth Amended Complaint, Defendant admits that the Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332(a)(2) and 1367(a).

3.      Answering Paragraph 2 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth

8419698.1

of the allegations regarding Defendant CoreCivic and, therefore, denies the allegations. Defendant admits that the acts or omissions included in Plaintiffs' Fourth Amended Complaint occurred within the District of Arizona and, therefore, venue is appropriate in the District of Arizona.

4. Answering Paragraph 3 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the allegations.

## INTRODUCTION

5. Answering Paragraph 4 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that this is an action for compensatory damages. Defendant denies all of the remaining allegations contained therein.

## PARTIES

6. Answering Paragraph 5 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

7. Answering Paragraph 6 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

8. Answering Paragraph 7 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant. No answer is required and none is given. To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

9. Answering Paragraph 8 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant. No answer is required and none is given. To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

10. Answering Paragraph 9 of Plaintiffs' Fourth Amended Complaint, Defendant admits that it contracted with ICE to provide staffing at the Eloy Detention

8419698.1                                                    2

Center which is in Pinal County, Arizona.  Defendant admits that it employed Registered Nurses (RNs) and Licensed Practical Nurses (LPNs) that were staffed at the Eloy Detention Center.  Defendant admits that its RNs and LPNs had a duty to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which they belong within the State of Arizona acting in the same or similar circumstances.  Defendant denies all remaining allegations contained therein.

11.    Answering Paragraph 10 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

12.    Answering Paragraph 11 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

13.    Answering Paragraph 12 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

14.    Answering Paragraph 13 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

15.    Answering Paragraph 14 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions, therefore, no answer is required and none is given.  To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

16.    Answering Paragraph 15 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims

against this Answering Defendant, the allegations are denied.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Answering Paragraph 16 of Plaintiffs' Fourth Amended Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 15 of Plaintiff's Fourth Amended Complaint.

18. Answering Paragraph 17 of Plaintiffs' Fourth Amended Complaint, Defendant admits same.

19. Answering Paragraph 18 of Plaintiffs' Fourth Amended Complaint, Defendant admits that Decedent was taken to Banner University Medical Center where she was diagnosed with an ankle sprain, a soft tissue injury of her right knee and ankle and a headache and that Decedent was given a prescription for ibuprofen. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the allegations.

20. Answering Paragraph 19 of Plaintiffs' Fourth Amended Complaint, Defendant admits that Decedent was transferred to the Eloy Detention Center on November 23, 2016. Defendant admits that a medical pre-screening and a medical screening intake was completed by medical staff and that Decedent was designated as PRI-1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the allegations.

21. Answering Paragraph 20 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

22. Answering Paragraph 21 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that Decedent had a possible varicella exposure and was transferred to Echo 600. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the allegations.

8419698.1

4

23. Answering Paragraph 22 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

24. Answering Paragraph 23 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

25. Answering Paragraph 24 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

26. Answering Paragraph 25 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

27. Answering Paragraph 26 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the allegations.

28. Answering Paragraph 27 of Plaintiffs' Fourth Amended Complaint, Defendant admits that on the morning of November 27, 2016, Decedent collapsed while in the recreation yard. Defendant admits that medical personnel responded, assessed Decedent, requested a call to 911 and transported Decedent to the medical unit. Defendant admits that Decedent was transported by Eloy Fire District personnel to the Banner Casa Grande Medical Center emergency department. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies the remaining allegations.

29. Answering Paragraph 28 of Plaintiffs' Fourth Amended Complaint, Defendant admits that the medical records from Banner Casa Grande Medical Center indicate that Decedent arrived at approximately 10:20 am, that the staff attempted resuscitation efforts and that Decedent was pronounced dead at 11:17 am.

30. Answering Paragraph 29 of Plaintiffs' Fourth Amended Complaint,

8419698.1                                    5

Defendant admits.

31.    Answering Paragraph 30 of Plaintiffs' Fourth Amended Complaint, Defendant admits that the medical record reads, "Because of the patient's arrest is very much in question.  The patient is young and presumptively has no cardiac history.  Our history is very limited as patient presented unresponsive and remained so.  There is no obvious risk factors for pulmonary embolism."

32.    Answering Paragraph 31 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

33.    Answering Paragraph 32 of Plaintiffs' Fourth Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

34.    Answering Paragraph 33 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

35.    Answering Paragraph 34 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

36.    Answering Paragraph 35 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

37.    Answering Paragraph 36 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that its licensed medical personnel had a duty to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which they belong within the State of Arizona acting in the same or similar circumstances.  Defendant denies all remaining allegations contained therein.

38.    Answering Paragraph 37 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that Decedent's death certificate listed her cause of death as Pulmonary Embolism due to or as a consequence of Deep Vein Thrombosis.  Defendant denies all of the remaining allegations contained therein.

39.    Answering Paragraph 38 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

40. Answering Paragraph 39 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

41. Answering Paragraph 40 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

42. Answering Paragraph 41 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

43. Answering Paragraph 42 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions and the Plaintiffs' characterization of their case, therefore, no answer is required and none is given. To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

44. Answering Paragraph 43 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions and the Plaintiffs' characterization of their case, therefore, no answer is required and none is given. To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

45. Answering Paragraph 44 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions and the Plaintiffs' characterization of their case, therefore, no answer is required and none is given. To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

46. Answering Paragraph 45 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions and the Plaintiffs' characterization of their case, therefore, no answer is required and none is given. To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

# FIRST CLAIM FOR RELIEF

## FTCA- Negligence

## (Wrongful Death)

(MARIO RENE HIDALGO LOPEZ, an individual, and as successor-in-interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiff vs. Defendant United States)

47.     Answering Paragraph 46 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that Plaintiff is bringing a claim on behalf of himself.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the remaining allegations.

48.     Answering Paragraph 47 of Plaintiffs' Fourth Amended Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 46 of Plaintiff's Fourth Amended Complaint.

49.     Answering Paragraph 48 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

50.     Answering Paragraph 49, including subparagraphs a-g, of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

51.     Answering Paragraph 50 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

52.     Answering Paragraph 51 of Plaintiffs' Fourth Amended Complaint,

8419698.1                                    8

the allegations contained therein do not pertain to this Answering Defendant. No answer is required and none is given. To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

## SECOND CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

(B.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, and L.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, by and through their guardian ad litem MARIO RENE HIDALGO LOPEZ, Plaintiffs v. Defendant CORECIVIC)

53. Answering Paragraph 52 of Plaintiffs' Fourth Amended Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 51 of Plaintiff's Fourth Amended Complaint.

54. Answering Paragraph 53 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that Plaintiffs bring claims on behalf of themselves. Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiffs are successors in interest and, therefore, denies that allegation. The remaining allegations contained therein do not pertain to this Answering Defendant. No answer is required and none is given. To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

55. Answering Paragraph 54 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions, therefore, no answer is required and none is given. To the extent that this Paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

56. Answering Paragraph 55 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant. No answer

is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

57.    Answering Paragraph 56 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

58.    Answering Paragraph 57 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

59.    Answering Paragraph 58, including subparagraphs a-j, of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

60.    Answering Paragraph 59 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

61.    Answering Paragraph 60 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

62.    Answering Paragraph 61 of Plaintiffs' Fourth Amended Complaint, the allegations contained therein do not pertain to this Answering Defendant.  No answer is required and none is given.  To the extent that this paragraph attempts to assert claims against this Answering Defendant, the allegations are denied.

8419698.1                                          10

## THIRD CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

(B.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, and L.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, by and through their guardian ad litem MARIO RENE HIDALGO LOPEZ, Plaintiffs v. Defendant INGENESIS)

63.     Answering Paragraph 62 of Plaintiffs' Fourth Amended Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 61 of Plaintiff's Fourth Amended Complaint.

64.     Answering Paragraph 63 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that Plaintiffs bring claims on behalf of themselves.  Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiffs are successors in interest and, therefore, denies that allegation.  Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions and are Plaintiffs' characterizations of their case, therefore, no answer is required and none is given.  To the extent that the remaining allegations in this Paragraph attempt to assert claims against this Answering Defendant, the allegations are denied.

65.     Answering Paragraph 64 of Plaintiffs' Fourth Amended Complaint, Defendant admits only that it had a duty to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which it belongs within the State of Arizona acting in the same or similar circumstances.

66.     Answering Paragraph 65 of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

67.     Answering Paragraph 66, including subparagraphs a-k, of Plaintiffs' Fourth Amended Complaint, Defendant denies all of the allegations contained therein.

68.     Answering Paragraph 67 of Plaintiffs' Fourth Amended Complaint,

8419698.1                                11

Defendant denies all of the allegations contained therein and denies that it owes any damages to any Plaintiff.

69. Answering Paragraph 68 of Plaintiffs' Fourth Amended Complaint, Defendant asserts that the allegations contained therein impermissibly seek to set forth legal conclusions, therefore, no answer is required and none is given.  To the extent that the allegations in this Paragraph attempt to assert claims against this Answering Defendant, the allegations are denied.

70. Answering Paragraph 69 of Plaintiffs' Fourth Amended Complaint, Defendant denies that Plaintiffs' are entitled to any damages under this claim and denies that Plaintiffs are entitled to costs, interest and/or attorneys' fees.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief set forth in their prayer/demand for relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges that Plaintiffs' Fourth Amended Complaint fails to state a cause of action upon which relief can be granted.

2. Defendant affirmatively alleges that Plaintiffs' Fourth Amended Complaint may be barred by the applicable statute of limitations.

3. Defendant affirmatively alleges that Plaintiffs are required to support their claim against this Answering Defendant with expert opinions as required by A.R.S. §§ 12-561, *et seq.*, 12-2603 and 12-2604.

4. Defendant affirmatively alleges that Decedent was negligent, in whole or in part, thereby reducing or eliminating any damages owing by this Answering Defendant by way of comparative negligence.

5. Defendant affirmatively alleges that no acts or omissions by InGenesis, Inc. or any of its employees, were the proximate cause of any injury to Plaintiffs.

8419698.1                                        12

6. Defendant affirmatively alleges that its employees and agents acted within the applicable standard of care at all relevant times.

7. Defendant affirmatively alleges that Plaintiffs' alleged damages were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than this Answering Defendant, all of which bars recovery to Plaintiffs from this Answering Defendant.

8. Defendant affirmatively alleges that Decedent assumed the risk of her conduct and acted intentionally and knowingly, jeopardizing her safety and well-being, all of which bars recovery or reduces recovery to Plaintiffs.

9. Defendant affirmatively asserts that Plaintiffs alleged damages may have been caused in whole or in part by the failure to mitigate said injuries and damages and, therefore, any recovery must be reduced accordingly.

10. Defendant affirmatively alleges that there may be fault attributable to persons who are not parties to this action. Defendants reserve the right to assert comparative fault on the part of said non-parties pursuant to A.R.S. § 12-2501 *et seq.* The intent of this affirmative defense is to place Plaintiffs on notice that Defendant may seek comparative fault on the part of non-parties.

11. Defendant affirmatively alleges that the imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV of the United States Constitution [and similar provisions of the Arizona Constitution] because such an award under these facts would violate the Defendant's right to procedural and substantive due process and because the alleged culpability of Defendant's conduct is not so reprehensible as to warrant further additional sanctions after award of compensatory damages.

12. Defendant affirmatively alleges that the imposition of punitive damages in this case would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), and *Philip Morris USA v. Williams*, (No. 05-1256), February 20, 2007.

13.     Defendant affirmatively alleges that Plaintiffs have no right to recover attorneys' fees from this Answering Defendant.

14.     Defendant affirmatively alleges in order to avoid waiver as though fully set forth herein, *in haec verba,* all affirmative defenses set forth in Rule 8(c), Arizona Rules of Civil Procedure, including, but not limited to, contributory negligence and assumption of the risk.

15.     Defendant affirmatively alleges in order to avoid waiver as though fully set forth herein, *in haec verba*, all affirmative defenses set forth in Rule 12(b), Arizona Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiffs' Fourth Amended Complaint, Defendant prays for judgment as follows:

1.     That Plaintiffs' Fourth Amended Complaint be dismissed;

2.     That Defendant be awarded its costs, expenses and attorneys' fees in accordance with A.R.S. §13-341.01; and

3.     That Defendant be awarded such other and further relief as the Court deems just and proper.

4.     As to all triable matters, Defendant requests trial by jury.

8419698.1                                                14

DATED this 18ᵗʰ day of May, 2020.

JONES, SKELTON & HOCHULI, P.L.C.


By/s/ *Elizabeth A. Gilbert*
David S. Cohen
Elizabeth A. Gilbert
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant InGenesis, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on this 18ᵗʰ day of May 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


*/s/ Lisa F. Lungaretti*

8419698.1                                              15