Daniel P. Struck, Bar # 012377
Rachel Love, Bar # 019881
Dana M. Keene, Bar # 033619
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
dkeene@strucklove.com

*Attorneys for Defendant CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez,<br><br>                          Plaintiff,<br><br>          v.<br><br>CoreCivic, et al.,<br><br>                          Defendants. | Case No. CV 19-04332-PHX-ROS (CDB)<br><br>**DEFENDANT CORECIVIC'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**<br><br>     1. FTCA – Negligence<br>     2. Negligence – Wrongful Death<br>     3. Negligence – Wrongful Death<br><br>**DEMAND FOR JURY TRIAL** |

Defendant CoreCivic ("CoreCivic"), through counsel, files this Answer to Plaintiffs' Fourth Amended Complaint. CoreCivic denies each and every allegation contained in Plaintiffs' Fourth Amended Complaint and each claim for relief which is not expressly admitted or otherwise pled to. CoreCivic admits, denies and alleges as follows.

## JURISDICTION AND VENUE

1.     In answering Paragraph 1 of Plaintiffs' Fourth Amended Complaint, CoreCivic admits that the Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §§ 1332(a)(2) and 1367(a). CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

2.     In answering Paragraph 2 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies that it "resides" in this Judicial District for purposes of establishing venue. CoreCivic is a Maryland corporation with a principal place of business in

3772719                                                    1

Nashville, Tennessee. CoreCivic admits that venue is otherwise appropriate in the District of Arizona because a substantial part of the events or omissions giving rise to the claims occurred here.

3.    In answering Paragraph 3 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies that the Complaint was timely filed by Plaintiff Mario Rene Hidalgo Lopez, individually and as a successor-in-interest to the decedent, against CoreCivic. Only the minor children are asserting a claim against CoreCivic in Plaintiffs' Second Claim for Relief. CoreCivic does not concede that any Plaintiff has standing to pursue these claims, and further discovery is warranted to establish the same, and whether these claims were timely filed against CoreCivic. CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

## INTRODUCTION

4.    In answering Paragraph 4 of Plaintiffs' Fourth Amended Complaint, it is admitted that this action seeks compensatory damages arising from the death of the decedent, and that CoreCivic privately owned and operated the Eloy Detention Center ("EDC") at all relevant times. Only the minor children are asserting a claim against CoreCivic in Plaintiffs' Second Claim for Relief. CoreCivic does not concede that any Plaintiff has standing to pursue these claims, and further discovery is warranted to establish the same. All other allegations contained in this paragraph contain impermissible conclusions of law to which no response is necessary. To the extent a response is necessary, the same are denied. CoreCivic specifically denies that any violation and/or negligence occurred.

## PARTIES

5.    In answering Paragraph 5 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

3772719

2

6.      In answering Paragraph 6 of Plaintiffs' Fourth Amended Complaint, only the minor children are asserting a claim against CoreCivic in Plaintiffs' Second Claim for Relief. CoreCivic does not concede that any Plaintiff has standing to pursue these claims, and further discovery is warranted to establish the same. Moreover, this paragraph contains impermissible conclusions of law, to which no response is necessary. To the extent a response is necessary, the same are denied.  CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

7.      Paragraph 7 of Plaintiffs' Fourth Amended Complaint is directed at a party other than CoreCivic, and therefore no answer is required, and none is provided.  To the extent this paragraph attempts to assert allegations against CoreCivic, the same are denied.

8.      In answering Paragraph 8 of Plaintiffs' Fourth Amended Complaint, CoreCivic admits that it privately owns and operates EDC, located in Eloy, Arizona.  It is also admitted that CoreCivic contracted to house immigration detainees at EDC pursuant to an agreement with the City of Eloy, and that CoreCivic is considered the "PROVIDER" under the terms of the Inter-Governmental Service Agreement entered into between the City of Eloy and ICE.  CoreCivic admits that EDC complies with the applicable ICE Performance Based National Detention Standards (PBNDS). Answering further, CoreCivic and its employees acted within the standard of care at all relevant times and did not otherwise breach any duty to the decedent. All other allegations contained within this paragraph that are not expressly admitted are denied.

9.      Paragraph 9 of Plaintiffs' Fourth Amended Complaint is directed at a party other than CoreCivic, and therefore no answer is required, and none is provided.  To the extent this paragraph attempts to assert allegations against CoreCivic, the same are denied.

10.      In answering Paragraph 10 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without knowledge or information as to the identities of the alleged Defendants DOES 1-10 and denies any affiliation or involvement with and/or responsibility for any of the fictitiously named DOE Defendants, including allegations

3772719                                    3

against the DOE Defendants that implicate liability on behalf of CoreCivic.  CoreCivic reserves the right to respond to this paragraph should Plaintiffs amend its Fourth Amended Complaint to reflect the identities of the various alleged DOES 1-10. Answering further, the allegations contained therein contain impermissible legal conclusions to which no response is required and none is provided.  To the extent a response is required, the same is denied.  CoreCivic specifically denies that it employed "medical services employees" and/or medical healthcare providers at EDC.

11.   In answering Paragraph 11 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without knowledge or information as to the identities of the alleged Defendants DOES 1-10 and denies any affiliation or involvement with and/or responsibility for any of the fictitiously named DOE Defendants, including allegations against the DOE Defendants that implicate liability on behalf of CoreCivic.  CoreCivic reserves the right to respond to this paragraph should Plaintiffs amend its Fourth Amended Complaint to reflect the identities of the various alleged DOES 1-10.

12.   In answering Paragraph 12 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without knowledge or information as to the identities of the alleged Defendants DOES 1-10 and denies any affiliation or involvement with and/or responsibility for any of the fictitiously named DOE Defendants, including allegations against the DOE Defendants that implicate liability on behalf of CoreCivic.  CoreCivic reserves the right to respond to this paragraph should Plaintiffs amend its Fourth Amended Complaint to reflect the identities of the various alleged DOES 1-10. This paragraph also contains impermissible legal conclusions to which no response is required, and none is provided. To the extent a response is required, the same is denied.

13.   In answering Paragraph 13 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without knowledge or information as to the identities of the alleged Defendants DOES 1-10 and denies any affiliation or involvement with and/or responsibility for any of the fictitiously named DOE Defendants, including allegations against the DOE Defendants that implicate liability on behalf of CoreCivic.  CoreCivic

reserves the right to respond to this paragraph should Plaintiffs amend its Fourth Amended Complaint to reflect the identities of the various alleged DOES 1-10. This paragraph also contains impermissible legal conclusions to which no response is required, and none is provided. To the extent a response is required, the same is denied. CoreCivic specifically denies that any violation and/or negligence occurred.

14. Answering Paragraph 14 of Plaintiffs' Fourth Amended Complaint, this paragraph contains impermissible legal conclusions to which no response is required, and none is provided. To the extent a response is required, the same is denied. It is specifically denied that CoreCivic had any legal duty to oversee, supervise, direct, hire, and/or train any employee and/or agent of any other party or third party.

15. Answering Paragraph 15 of Plaintiffs' Fourth Amended Complaint, CoreCivic is without knowledge or information as to the identities of the alleged Defendants DOES 1-10 and denies any affiliation or involvement with and/or responsibility for any of the fictitiously named DOE Defendants, including allegations against the DOE Defendants that implicate liability on behalf of CoreCivic. CoreCivic reserves the right to respond to this paragraph should Plaintiffs amend its Fourth Amended Complaint to reflect the identities of the various alleged DOES 1-10.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Paragraph 16 of Plaintiffs' Fourth Amended Complaint is an incorporation paragraph, to which no response is necessary. CoreCivic incorporates by reference its responses to Paragraphs 1 through 15, above, as if fully set forth herein.

17. In answering Paragraph 17 of Plaintiffs' Fourth Amended Complaint, CoreCivic admits the same.

18. In answering Paragraph 18 of Plaintiffs' Fourth Amended Complaint, it is admitted only that the decedent presented to Banner Casa Grande Medical Center on November 20, 2016, complaining of right ankle pain and swelling, right leg pain, and headache due to her claims that she fell while running in the Arizona desert, and twisted her right ankle, and hit her head. It is admitted that an x-ray was administered and

3772719                                         5

showed mild soft tissue edema about the right foot, without an acute or significant osseous abnormality of the right knee, right tibia and fibula, right ankle, or right foot seen. The decedent was diagnosed with a right ankle sprain, soft tissue injury of the knee, and a headache. The decedent was given an ace wrap for compression of the ankle, instructed to return to the emergency department if new or worsening symptoms occur, given a prescription for ibuprofen, and instructed to follow up with a primary care physician. CoreCivic is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations and, therefore, denies the same.

19. In answering Paragraph 19 of Plaintiffs' Fourth Amended Complaint, it is admitted that the decedent was transferred to EDC on November 23, 2016, while in ICE custody. All other allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided. It is specifically denied that CoreCivic or any of its employees had actual knowledge of, or were in involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC (including RN Bradford or LPN Lopez), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC. To the extent any allegations in this paragraph are directed at CoreCivic, the same are denied.

20. In answering Paragraph 20 of Plaintiffs' Fourth Amended Complaint, all allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided. It is specifically denied that CoreCivic or any of its employees had actual knowledge of, or were involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the

conduct of any non-CoreCivic employee at EDC (including RN Bradford,  NP Bradberry, or NP Montenegro), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC.  To the extent any allegations in this paragraph are directed at CoreCivic, the same are denied.

21.    In answering Paragraph 21 of Plaintiffs' Fourth Amended Complaint, it is admitted that the decedent was assigned to Echo Unit upon arrival at EDC on November 23, 2016 and remained there until she was transferred to Bravo Unit on November 25, 2016.  CoreCivic is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained therein, and therefore, denies the same.

22.    In answering Paragraph 22 of Plaintiffs' Fourth Amended Complaint, all allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided.  It is specifically denied that CoreCivic or any of its employees had actual knowledge of, or were involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC (including RN Bradford or   NP Bradberry), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC.  To the extent any allegations in this paragraph are directed at CoreCivic, the same are denied.

23.    In answering Paragraph 23 of Plaintiffs' Fourth Amended Complaint, all allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided.  It is specifically denied that CoreCivic or any of its employees had actual knowledge of, or were involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare

providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC (including RN Wilkie), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC.  To the extent any allegations in this paragraph are directed at CoreCivic, the same are denied.

24.    In answering Paragraph 24 of Plaintiffs' Fourth Amended Complaint, it is admitted that the decedent was transferred to Bravo Unit on November 25, 2016, and was assigned to an upper bunk.  It is specifically denied that CoreCivic had a duty or responsibility to assign the decedent to a lower bunk for medical reasons absent clearance from medical staff. It is also denied that CoreCivic or any of its employees negligently documented the decedent's transfer from Echo Unit to Bravo Unit, or that they otherwise prevented the decedent's medication from reaching her.  All other allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided.  It is specifically denied that CoreCivic or any of its employees had actual knowledge of, or were involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC (including NP Montenegro, the pharmacy technician, or the nurse on duty), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC.  All other allegations contained within this paragraph that are not expressly admitted to are denied.

25.    In answering Paragraph 25 of Plaintiffs' Fourth Amended Complaint, all allegations in this paragraph are directed toward non-CoreCivic employees over which CoreCivic had no supervision or control, and thus no response is required, and none is provided.  It is specifically denied that CoreCivic or any of its employees had actual

3772719                                                                                   8

knowledge of, or were involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC (including RN Bradford or NP Montenegro), does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC.  To the extent any allegations in this paragraph are directed at CoreCivic, the same are denied.

26.    In answering Paragraph 26 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies that the decedent's housing locations, transfer status, and status of care were negligently documented.  CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.  CoreCivic denies that CoreCivic or any CoreCivic employee were negligent or that any violation occurred.

27.    In answering Paragraph 27 of Plaintiffs' Fourth Amended Complaint, it is admitted that the decedent collapsed outside on the recreation yard, at which time CoreCivic's emergency response was initiated and medical staff were immediately called to the scene.  It is also admitted that emergency medical services were summoned and transported the decedent to Banner Casa Grande Medical Center. It is denied that CoreCivic employees ordered the decedent to walk outside for recreation, or that CoreCivic or its employees denied the decedent medical care.  CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

28.    Answering Paragraph 28 of Plaintiffs' Fourth Amended Complaint, it is admitted that the decedent was transported to Banner Casa Grande Medical Center where she was pronounced dead on November 27, 2016.  CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

29. In answering Paragraph 29 of Plaintiffs' Fourth Amended Complaint, it is admitted that an autopsy was performed, and that decedent's death certificate listed her immediate cause of death as pulmonary emboli, due to or as a consequence of deep vein thromboses.

30. In answering Paragraph 30 of Plaintiffs' Fourth Amended Complaint, it is admitted that Banner Casa Grande Medical Center medical records state: "Because of the patient's arrest is very much in question. The patient is young and presumptively has no cardiac history. Our history is very limited as patient presented unresponsive and remained so. There is no obvious risk factors for pulmonary embolism."

31. Answering Paragraph 31 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

32. Answering Paragraph 32 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies that its employees neglected decedent's alleged signs and symptoms of deep vein thrombosis and pulmonary embolism, as none of its employees are trained medical providers. CoreCivic is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

33. Answering Paragraph 33 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

34. Answering Paragraph 34 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

35. Answering Paragraph 35 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

36. Answering Paragraph 36 of Plaintiffs' Fourth Amended Complaint, CoreCivic admits that it had a duty to act reasonably with respect to the safety and security of the decedent while she was detained at EDC, and that at no time did CoreCivic or its employees breach any duty to the decedent. CoreCivic denies that it had a legal duty to "ensure" the decedent received "necessary" medical care. It is specifically denied

3772719 10

that CoreCivic or any of its employees had actual knowledge of, or were in involved in, the decedent's medical complaints and/or treatment upon arrival at EDC, or at any time thereafter, as CoreCivic does not employ healthcare providers, or medical and mental health staff at EDC, does not direct and/or supervise the conduct of any non-CoreCivic employee at EDC, does not operate the medical unit at EDC, does not conduct medical intake screenings at EDC, does not administer medication, and does not monitor, treat, or diagnose any detainee for medical issues at EDC. Answering further, the decedent was seen by medical providers on at least three occasions while at EDC, thus satisfying any duty CoreCivic had to the decedent.

37.     Answering Paragraph 37 of Plaintiffs' Fourth Amended Complaint, it is admitted only that decedent's death certificate listed her immediate cause of death as pulmonary emboli, due to, or as a consequence of, deep vein thromboses. All other allegations contained in this paragraph are denied.

38.     Answering Paragraph 38 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

39.     Answering Paragraph 39 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

40.     Answering Paragraph 40 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

41.     Answering Paragraph 41 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

42.     Answering Paragraph 42 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

43.     Answering Paragraph 43 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

44.     Answering Paragraph 44 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

3772719                                                11

45.   Answering Paragraph 45 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

## **FIRST CLAIM FOR RELIEF**

### **FTCA – Negligence**

### **(Wrongful Death)**

(MARIO RENE HIDALGO LOPEZ, an individual, and as successor-in-interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, Plaintiff vs. Defendant United States)

46.   Paragraphs 46 through 51 are directed at a party other than CoreCivic and, therefore, no response is required, and none is provided. To the extent these paragraphs contain allegations against CoreCivic, or its employees/agents, the same are denied.

## **SECOND CLAIM FOR RELIEF**

### **Negligence**

### **(Wrongful Death)**

(B.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, and L.H., an individual, and as successor in interest of DECEDENT, by and through their guardian ad litem MARIO RENE HIDALGO LOPEZ Plaintiffs vs. Defendant CORECIVIC)

47.   Paragraph 52 of Plaintiffs' Fourth Amended Complaint is an incorporation paragraph, to which no response is required, and none is provided.   CoreCivic incorporates by reference its responses to Paragraphs 1 through 46, above, as if fully set forth herein.

48.   In answering Paragraph 53 of Plaintiffs' Fourth Amended Complaint, this paragraph contains impermissible legal conclusions to which no response is required, and none is provided.   To the extent a response is required, the same is denied. CoreCivic specifically denies that any violation and/or negligence occurred.

49.   Paragraph 54 of Plaintiffs' Fourth Amended Complaint contains an impermissible legal conclusion to which no response is required, and none is provided. To the extent a response is required, the same is denied.

3772719                                                       12

50.     In answering Paragraph 55 of Plaintiffs' Fourth Amended Complaint, CoreCivic admits that it had a duty to act reasonably with respect to the safety and security of the decedent.  At no time did its conduct, or the conduct of its employees, fall below the standard of care.  Answering further, CoreCivic did not breach any duty to the decedent, nor did any alleged act or omission proximately cause the decedent's death.  All other allegations not expressly admitted are denied.

51.     In answering Paragraph 56 of Plaintiffs' Fourth Amended Complaint, it is admitted that CoreCivic was required to follow applicable ICE PBNDS standards. It is denied that CoreCivic was required to follow ICE PBNDS standards related to medical care at EDC, as CoreCivic did not employ medical staff, nor did it provide medical care to detainees or oversee medical operations at the facility.  At no time was CoreCivic found to have been in contravention of any ICE PBNDS standards related to the medical care, safety, or security of the decedent.  Answering further, it is denied that CoreCivic breached any duty to the decedent.  The decedent was seen by medical providers on at least three occasions while at EDC, thus satisfying any duty CoreCivic had to the decedent. All other allegations not expressly admitted are denied.

52.     In answering Paragraph 57 of Plaintiffs' Fourth Amended Complaint, it is admitted that CoreCivic had a duty to act reasonably with respect to the safety and security of the decedent at EDC.  It is denied that CoreCivic breached any duty to the decedent.

53.     In answering Paragraph 58 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein. It is specifically denied that any violation and/or negligence occurred.

    a.     In answering Paragraph 58(a) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

    b.     In answering Paragraph 58(b) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

3772719

13

c.    In answering Paragraph 58(c) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

d.    In answering Paragraph 58(d) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

e.    Answering Paragraph 58(e) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

f.    Answering Paragraph 58(f) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

g.    Answering Paragraph 58(g) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

h.    Answering Paragraph 58(h) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

i.    Answering Paragraph 58(i) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

j.    Answering Paragraph 58(j) of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein.

54.    In answering Paragraph 59 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies all allegations contained therein, and that it owes any damages, fees, or costs to Plaintiffs.

55.    In answering Paragraph 60 of Plaintiffs' Fourth Amended Complaint, this paragraph contains impermissible legal conclusions to which no response is required, and none is provided.  To the extent a response is required, the same is denied.  CoreCivic denies all other allegations contained therein.

56.    In answering Paragraph 62 of Plaintiffs' Fourth Amended Complaint, CoreCivic denies that it owes any damages, fees, or costs to Plaintiffs.

### THIRD CLAIM FOR RELIEF

**Negligence**

**(Wrongful Death)**

3772719                                        14

(B.H., an individual, and as successor in interest to decedent, RAQUEL EVANGELINA CALDERON DE HIDALGO, and L.H., an individual and as successor in interest of DECEDENT, by and through their guardian ad litem MARIO RENE HIDALGO LOPEZ, Plaintiffs vs. Defendant INGENESIS)

57.    Paragraphs 62 through 69 are directed at a party other than CoreCivic and, therefore, no response is required, and none is provided. To the extent these paragraphs contain allegations against CoreCivic, or its employees/agents, the same are denied.

## PRAYER FOR RELIEF

58.    In answering Plaintiffs' Prayer for Relief, CoreCivic denies Plaintiff is entitled to any relief.   CoreCivic affirmatively asserts that it is entitled to recovery of incurred applicable costs where it prevails on dismissal of Plaintiffs' claims by dispositive motion and/or trial.

## AFFIRMATIVE DEFENSES

1.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs lack standing.

2.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief may be granted.

3.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs' Fourth Amended Complaint may be barred by the applicable statute of limitations.

4.    As a separate defense or in the alternative, CoreCivic alleges that neither it, nor any of its employees, had any duty to diagnose, treat, or monitor the decedent for medical issues at EDC.

5.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs are required to support their claims with expert opinions as required by A.R.S. §§ 12-561, *et seq.,* 12-2603 and 12-2604.

6.    As a separate defense or in the alternative, CoreCivic alleges that CoreCivic and its employees acted within the applicable standard of care at all relevant times.

7.    As a separate defense or in the alternative, CoreCivic alleges that neither it, nor its employees, breached any duty to the decedent/Plaintiffs.

3772719                                         15

8. As a separate defense or in the alternative, CoreCivic alleges that neither it, nor its employees, engaged in any conduct that caused the decedent to suffer a medical condition or aggravate/worsen an existing medical condition.

9. As a separate defense or in the alternative, CoreCivic alleges that the decedent's alleged injuries were the result of a pre-existing condition(s), thereby eliminating any damages owed by CoreCivic.

10. As a separate defense or in the alternative, CoreCivic alleges that a violation of policy, if any, does not constitute negligence.

11. As a separate defense or in the alternative, CoreCivic alleges it did not create the condition that allegedly made the decedent's or Plaintiffs' harm possible.

12. As a separate defense or in the alternative, CoreCivic alleges that neither the decedent's death, nor Plaintiffs' alleged damages were caused, or proximately caused, by CoreCivic's conduct or by any CoreCivic employee's conduct.

13. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot establish cause in fact.

14. As a separate defense or in the alternative, CoreCivic alleges that any act or omission by CoreCivic or any of its employees was not a substantial factor in causing the decedent's or Plaintiffs' alleged injuries.

15. As a separate defense or in the alternative, CoreCivic alleges that the decedent's and Plaintiffs' alleged injuries would have occurred notwithstanding CoreCivic's or its employees' alleged acts or omissions.

16. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove foreseeability of harm.

17. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs' allegations are based on mere conjecture, guess, or speculation.

18. As a separate defense or in the alternative, CoreCivic alleges that neither it, nor its employees, had actual, subjective awareness of any risk.

3772719                                16

19. As a separate defense or in the alternative, CoreCivic alleges that neither it, nor its employees, proceeded in conscious indifference to the decedent's and/or Plaintiffs' rights, safety, or welfare.

20. As a separate defense or in the alternative, CoreCivic alleges that it did not authorize or ratify any employees' or agents' negligence or gross negligence or negligently hire, supervise, or retain an unfit employee/agent.

21. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove that CoreCivic's training or lack thereof was negligent and that such negligent training was the proximate cause of the decedent's and/or Plaintiffs' injuries, if any.

22. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove what training should have been provided, and that its omission proximately caused the decedent's and/or Plaintiffs' injuries, if any.

23. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove that any of its employees committed an underlying tort that proximately caused the decedent's and/or Plaintiffs' injuries in order to be held liable for a negligent hiring, retention, or supervision claim.

24. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove that it knew or should have known that any of its employees was incompetent, and that its failure to supervise proximately caused the decedent's and/or Plaintiffs' injuries, if any.

25. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove that it knew or had reason to know of an employee's incompetence before hiring the employee in order to prove a negligent hiring claim.

26. As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs' claims are barred because CoreCivic cannot be held liable for the acts of other parties or their employees under a theory of *respondeat superior*.

3772719

17

27.    As a separate defense or in the alternative, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

28.    As a separate defense or in the alternative, CoreCivic alleges that CoreCivic and its employees acted in a reasonably prudent manner to protect the decedent from known and foreseeable risks of harm.

29.    As a separate defense or in the alternative, CoreCivic alleges that neither CoreCivic, nor its employees, were on actual or constructive notice of an actual or foreseeable risk of harm to the decedent/Plaintiffs.

30.    As a separate defense or in the alternative, CoreCivic alleges that an intervening force was a superseding cause of the decedent's death and Plaintiffs' alleged injuries.

31.    As a separate defense or in the alternative, CoreCivic alleges that the acts, omissions, and damages alleged in Plaintiffs' Fourth Amended Complaint were the result of acts or omission of third parties other than CoreCivic and/or its employees or agents over whom CoreCivic had no control, thereby eliminating any damages owed by CoreCivic.

32.    As a separate defense or in the alternative, CoreCivic alleges that the decedent consented to and/or voluntarily/intentionally participated in the conduct alleged, thereby reducing or eliminating damages alleged to be recoverable from CoreCivic.

33.    As a separate defense or in the alternative, CoreCivic alleges that its actions were objectively reasonable under the circumstances and it was acting in good faith and without malice.

34.    As a separate defense or in the alternative, CoreCivic alleges that there existed no conduct by CoreCivic, or any of its employees, that was driven by evil motive or intent, thereby precluding recovery of punitive damages.

35.    As a separate defense or in the alternative, CoreCivic alleges that that Plaintiffs' alleged damages were the result of assumption of risk.

3772719                                        18

36.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot establish damages.

37.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs failed to mitigate damages.

38.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs cannot prove any actual or compensatory damages and thus if liability is found, Plaintiffs are restricted to recovery of nominal damages only in the amount of $1.00.

39.    As a separate defense or in the alternative, CoreCivic alleges that the decedent was comparatively negligent, which diminishes or eliminates Plaintiffs' right to recover.

40.    As a separate defense or in the alternative, CoreCivic alleges that it is entitled to all privileges and immunities extended to governmental entities and their contractors under federal and state law, including but not limited to sovereign immunity, absolute immunity, and qualified immunity.

41.    As a separate defense or in the alternative, CoreCivic alleges that, as a government contractor, it cannot be liable for performing in conformity with specifications established by ICE, and that it is shielded from liability.

42.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiffs have no right to recover attorneys' fees.

43.    CoreCivic reserves the right to amend its Answer to Plaintiffs' Fourth Amended Complaint to assert additional defenses or withdraw defenses as may become necessary after reasonable opportunity for discovery has occurred up to and including trial in this matter. Although CoreCivic does not presently have facts in support of the following defenses, CoreCivic wishes to assert the following defenses should subsequent discovery reveal they are appropriate: collateral estoppel, fraud, illegality, res judicata, and waiver.

WHEREFORE, CoreCivic requests that the Fourth Amended Complaint be dismissed with prejudice, and for such other and further relief as this Court deems just and proper, including reasonable attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

CoreCivic demands a jury trial on all triable issues.

DATED this 29th day of September, 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Dana M. Keene
   Daniel P. Struck
   Rachel Love
   Dana M. Keene
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

*Attorneys for Defendant CoreCivic, Inc.*

3772719                                    20

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scott D. Hughes, Esq. (SBN CA 253611)
LAW OFFICES OF SCOTT D. HUGHES
620 Newport Center Dr. Suite 1100
Newport Beach, CA 92660
Tel.: (714) 987-2671
Fax: (714) 845-0030
scott@scotthugheslaw.com

Elliot Alford, Esq.
ALFORD LAW PLLC
3 N. Leroux St., Suite 200
Flagstaff, AZ 86001
Tel.: (928) 607-1710
Fax: (918) 233-8687
elliotalford@gmail.com

*Attorneys for Plaintiff*

Anne E. Nelson (SBN AZ 028069)
ASSISTANT U.S. ATTORNEY
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004-4408
Tel: (602) 514-7500
Fax: (602) 514-7760
Anne.nelson@usdoj.gov

*Attorney for United States of America*

David S. Cohen (Bar #016888)
Elizabeth A. Gilbert (Bar#016498)
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004
Tel: (602) 263-1700
Fax: (602) 200-7823
dcohen@jshfirm.com
egilbert@jshfirm.com

*Attorneys for Defendant InGenesis, Inc.*

/s/Dana M. Keene

3772719                                          21