# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, individually and as successor in interest to the deceased Raquel Evangelina Calderon de Hidalgo, L.H., B.H., <br><br> Plaintiffs, <br><br> v. <br><br> CoreCivic, et al., <br><br> Defendants. | No. CV 19-04332 PHX ROS (CDB) <br><br> **ORDER** |

**IT IS ORDERED that** the join motion for a protective order at ECF No. 73 is **granted**. Accordingly, the Court enters the following Protective Order.

1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in FED.R.CIV.P. 26); (2) confidential personal information related to current or former employees of CoreCivic, Inc. ("CoreCivic"), InGenesis, Inc. ("InGenesis"), and the United States of America ("United States") (collectively, "Defendants"), the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security sensitive information

related to the operation of any CoreCivic facility, or U.S. Immigration and Customs Enforcement ("ICE") facility; (5) confidential information relating to or identifying current or former ICE immigration detainees (other than Raquel Evangelina Calderon de Hidalgo), the disclosure of which might invade those individuals' privacy; and (6) records containing information protected by the Privacy Act of 1974, 5 U.S.C.§ 552a.

CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic and/or InGenesis' policies and procedures, unless they are already public records; (2) United States' non-privileged, non-publicly available restricted policies and procedures, to the extent they apply to Plaintiffs' claims; (3) CoreCivic and InGenesis' training materials, information, and documents, unless they are already public records, and United States' non-privileged, non-publicly available training documents; (4) Post Orders, unless they are already public records; (5) Defendants' investigative materials, to the extent, if any, they apply to Plaintiffs' claims, unless they are already public records, including, but not limited to detainee institutional files and/or documents, disciplinary-related documents, criminal history-related documents, security threat group or gang intelligence-related documents, and presentence investigations; (6) grievance logs, unless they are already public records; (7) facility diagrams, including information related to placement of security cameras and Milestone surveillance footage, unless they are already public records; (8) CoreCivic, InGenesis, or United States salary, bonus and/or financial information, unless they are already public records; and (9) any of Defendants' employee or independent contractor files unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for

resolution. Nor does anything in this Order require a party to produce such confidential information.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3. It is ORDERED that pursuant to 5 U.S.C.§ 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, and subject to the conditions described in this Order, that Defendant United States of America is authorized to release to counsel for Plaintiff and co-Defendants records containing Privacy Act protected information without obtaining prior written consent of the individuals to whom those records pertain. Such documents shall be marked "CONFIDENTIAL INFORMATION."

4. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Agreement and the Court's Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

5. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

c. All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 8.

d. Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within sixty (60) days of receipt of the transcript of said deposition, by the party, as confidential information, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

6. All pleadings, motions, responses, or replies that contain CONFIDENTIAL INFORMATION shall be filed on the public record in redacted form, with as few redactions as possible. Nothing in this Order shall be construed as automatically permitting a party to file under seal documents containing CONFIDENTIAL INFORMATION. The party seeking to use the CONFIDENTIAL INFORMATION shall seek leave of the Court to file an unredacted version under seal with the clerk of the court. The party seeking leave shall show "compelling reasons" (where the motion is more than tangentially related to the case) or "good cause" for filing under seal. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion,

response, or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1]

7. Unless otherwise provided in this Order (see Paragraph 8-9) access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, the parties' litigation teams, court reporters engaged in this litigation, witnesses in this matter, and any individual conducting, or assisting the person conducting any mediation, arbitration, or other alternative dispute resolution proceeding between the parties to this case concerning this litigation. For purposes of this Order, "litigation team" refers to the parties, the parties' counsel of record, staff in the offices of counsel of record, including contractors, investigators, experts, and consultants retained by counsel of record or their offices to assist in litigation. The CONFIDENTIAL RECORDS may be disclosed or otherwise produced only for the purpose of litigating this case and may not be used for any other purpose. The records may not be further disseminated absent explicit written permission. Any person to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order, and will be responsible for ensuring his or her staff complies with the same.

8. CONFIDENTIAL INFORMATION containing addresses, identifying information, dependent information, or contact information concerning Defendants' former or current employees/independent contractors will not be disclosed to any present or former detainee, their family members, or any member of the general public. Access will be restricted to the attorneys in this action and any consulting or testifying experts, including their staff. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, or at any ICE facility will

---

[1] If a party wishes to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising, the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least three (3) days before the due date of the filing in which the party wishes to reference the information.

not be disclosed to any present or former detainee, their family members, or any member of the general public, unless they are already public records. Defendants will produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." Confidential information so labeled shall not be disclosed to the public or to any present or former detainee and will be handled accordingly at all times barring a written agreement by Defendants to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by Defendants, or its current/former employees, to disclose security sensitive information related to the operation of any CoreCivic or ICE facility. Before any portion of a deposition or court proceeding transcript that has been marked CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER and/or CONFIDENTIAL/ATTORNEYS' EYES ONLY and contains testimony or documentary evidence regarding confidential personal information pertaining to a current or former employee of a Defendant, including but not limited to the employee's home address, home and/or mobile phone number, personal email address, names of friends and/or family members, or other similar information, is filed with the Court or provided to any person other than the attorneys in this matter, including the parties or their experts, all such confidential personal information shall be redacted.

9. While this Protective Order intends to limit access to certain information as set forth in Paragraph 8, nothing in this Protective Order limits Plaintiffs from viewing their own CONFIDENTIAL INFORMATION, which includes their non-publicly available medical and mental health records.

10. If Plaintiffs' counsel or experts are required by law or court order to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 7, the name of that person or entity will be furnished to Defendants as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to

receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

11. If Plaintiffs' counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiffs' counsel must first request in writing permission from Defendants and/or their counsel. The request must be made in sufficient time (not less than two weeks) for Defendants and/or their counsel to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiffs' counsel agrees not to use the documents produced in this litigation in any other subsequent litigation.

12. Counsel for the parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. The party challenging any such designation must notify counsel for the designating party, in writing of the objected-to designation of such CONFIDENTIAL INFORMATION and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The CONFIDENTIAL INFORMATION at issue must be treated according to the designation of the designating party until the Court has ruled on the objection or the matter has been otherwise resolved.

13. Nothing in this Protective Agreement precludes Plaintiffs or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories will be covered as confidential, the parties do not waive the right to challenge the discoverability or admissibility of documents that fall within those categories. The parties also do not waive any privileges by entering into this Protective Order.

14. Each person designated in Paragraph 7, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

Dated this 23rd day of November, 2020.

Camille D. Bibles
United States Magistrate Judge