# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, individually and as successor in interest to the deceased Raquel Evangelina Calderon de Hidalgo, and as guardian of B.H. and L.H., <br><br> Plaintiff, <br><br> v. <br><br> CoreCivic, et al., <br><br> Defendants. | No. CV 19-04332 PHX ROS (CDB) <br><br> **ORDER** |

The parties have notified the magistrate judge, by email, that the parties have a dispute regarding discovery on the following issues:

1. The "relevance, proportionality, scope, and privacy considerations with respect to the production of compressed files containing all of Plaintiff's and the decedent's downloadable Facebook history, posts, communications, and content. These parties also dispute whether Plaintiff's prior Facebook accounts, including the decedent's, are accessible."

2. A dispute as to:

Plaintiffs Luisa Calderon[1] and Mario Hidalgo-Lopez testified at their depositions that they frequently communicated with the decedent and each

---

[1] The only named non-minor plaintiff in this matter, per the CM/ECF docket, is Mario Rene Hidalgo Lopez, as a successor in interest to the deceased and as guardian to B.H. and L.H., who are/were the minor children of the decedent. In the briefing on the discovery issues Plaintiff Lopez shall inform the court as to who Luisa Calderon is, her relationship to the decedent, and whether the docket in this matter should be amended to establish this individual is a proper plaintiff.

other during the relevant timeframe to the present using Facebook Messenger and WhatsApp, a free messaging platform. Plaintiffs and Defendant CoreCivic dispute the relevance, scope, proportionality, and privacy considerations associated with the production of these communications. Plaintiffs additionally contend they do not possess these communications, or any other responsive content aside from approximately four Facebook posts relating to the decedent's death, which they intend to produce, because they no longer have access to their prior accounts and no longer have any messages related to decedent Raquel Calderon de Hidalgo. Defendant CoreCivic disputes this contention, and seeks the production of the above-mentioned Facebook information, and all WhatsApp messages and data to determine whether the same exists and is relevant to Plaintiffs' liability and damages claims.

3. What information is "discoverable [] relevant to emotional distress damages."

4. The production of "any of the above information with respect to Plaintiff Luisa Calderon."

To resolve these issues,

**IT IS ORDERED that** no later than the close of business on Friday, June 25, 2021, each party shall docket a pleading including: (1) a brief statement regarding any relevant factual background; (2) a brief delineation of the disputes, similar to that presented in the email; and (3) each party's legal arguments regarding each issue, including citation to published legal opinions which support their position. No responsive pleading will be allowed. Each pleading shall not exceed 30 pages in length, exclusive of attachments.

Dated this 16th day of June, 2021.

_____
Camille D. Bibles
United States Magistrate Judge