## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, individually and as successor in interest to the deceased Raquel Evangelina Calderon de Hidalgo, and as guardian of B.H. and L.H.,<br><br>Plaintiff,<br><br>v.<br><br>CoreCivic, United States of America, InGenesis Incorporated,<br><br>Defendants. | No. CV 19-04332 PHX ROS (CDB)<br><br>**ORDER** |

On July 20, 2021, the parties notified the Magistrate Judge that there was a dispute between the parties regarding events occurring during discovery. The United States informed the Court that it had become aware that one of Plaintiffs' counsel, Mr. Hughes, had engaged in ex parte communication with Dr. Kenneth Merchant, a former employee of the United States, who was working as a clinical director at the Eloy Detention Center at the time of the events giving rise to the complaint in this matter. The United States asserted Plaintiffs have retained Dr. Merchant as an expert witness in this matter, and the United States asserted the ex parte communications violated Arizona Ethical Rule 4.2.

The Magistrate Judge conducted a telephonic hearing regarding the dispute on July 26, 2021. Defendants CoreCivic and InGenesis joined in the United States' position on this matter. Mr. Hughes reiterated his position that Dr. Merchant is a former employee of one of the Defendants, having left his position at the detention center in 2017, prior to

the date this case was initiated; that Dr. Merchant had no involvement in the medical care of the decedent; that Dr. Merchant did not directly supervise any of the individuals who were allegedly negligent in their treatment of or failed to treat the decedent, resulting in her death; and that Dr. Merchant did not have or disclose to Plaintiffs' counsel, i.e., Mr. Hughes, any privileged information.

In its email of July 20, 2021, the United States asked the Magistrate Judge for an order to obtain all details and documents concerning Plaintiff's counsel's communications with Dr. Merchant, including a sworn declaration from Mr. Hughes as to: (1) the dates of all communications between Plaintiffs' counsel and Dr. Merchant; (2) a detailed description of the substance of those communications; (3) the details of any agreement between Plaintiffs' counsel and Dr. Merchant regarding Dr. Merchant's retention as an expert witness and whether he would be a testifying or non-testifying expert witness; (4) details of how much money has been paid to Dr. Merchant to date; and (5) production of all documents or information exchanged between Plaintiffs' counsel and Dr. Merchant. The United States also seeks an order compelling Plaintiff's counsel to provide the above detailed information in a sworn declaration and to produce all of the requested documentation with an attestation that the production is full and complete within a time certain. Alternatively, the United States seeks an order re-opening written fact discovery for a period of 45-days so that it may require Plaintiff's counsel to respond to written discovery requests on these topics. "The United States believes that this information is necessary to fully understand the scope of the improper ex parte communications in order to request any and all appropriate remedial sanctions." The United States also seek a limited stay of the proceedings and the remaining deadlines in this action while it obtains the detailed information of these contacts.

During the hearing, counsel for all Defendants appeared and asked the Court for a limited stay of the proceedings in the matter pending the resolution of this issue. At the conclusion of the hearing the Court took the issue under advisement but did notify counsel for all parties that it was staying the deadlines for expert witness disclosure and further

depositions of fact witnesses, and that all contact with Dr. Merchant by counsel for any party was prohibited until further notice.

The Magistrate Judge finds that a stay is necessary because, depending on the scope of the ex parte communications, Defendants may properly seek remedial sanctions, and also finds that the outcome of this dispute may affect fact witness depositions and expert witness disclosure and depositions.

Accordingly,

**IT IS ORDERED that** Mr. Hughes shall have until **August 13, 2021**, to provide the Court and all Defendants with a sworn declaration containing **all of the following**:

1. The dates and times and means of all communications between Plaintiffs' counsel and Dr. Merchant, including a report of who contacted whom, beginning with the initial contact and continuing through the date Plaintiffs' counsel received the cease and desist notification;

2. A detailed description of the substance of those communications;

3. The details of any agreement between Plaintiffs' counsel and Dr. Merchant regarding Dr. Merchant's retention as an expert witness and whether he would be a testifying or non-testifying expert witness, including a copy of any written retention agreement;

4.  The details of how much money has been paid to Dr. Merchant to date and the method of that payment;

5. The production of all documents or information exchanged between Plaintiffs' counsel and Dr. Merchant;

6. The name of each person and/or entity that Mr. Hughes contacted with regard to the ethics of his contact with Dr. Merchant, including the date and the time of these contacts, and the substance of these contacts.

//

//

**IT IS FURTHER ORDERED that** Mr. Hughes shall produce all of the requested documentation with an attestation under oath that the production is full and complete.

Dated this 27th day of July, 2021.

_____

Camille D. Bibles
United States Magistrate Judge