# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, individually and as successor in interest to the deceased Raquel Evangelina Calderon de Hidalgo, and as guardian of B.H. and L.H., <br><br> Plaintiff, <br><br> v. <br><br> CoreCivic, United States of America, InGenesis Incorporated, <br><br> Defendants. | No. CV 19-04332 PHX ROS (CDB) <br><br> **ORDER** |

This matter is brought by the survivors of Raquel Calderon de Hidalgo. At the time of her death Calderon de Hidalgo, a native of Guatemala, was an Immigration and Customs Enforcement detainee housed at the Eloy Detention Center ("EDC"), a facility owned and operated by Defendant CoreCivic. Defendant InGenesis, Inc. provided medical staffing at EDC. In the operative Fourth Amended Complaint (ECF No. 52) Plaintiffs state causes of action for medical negligence resulting in death against the United States pursuant to the Federal Tort Claims Act, and for wrongful death arising from medical negligence against CoreCivic and InGenesis.

In an order entered April 15, 2020, the deadline for completing expert witness disclosure was set at March 12, 2021, expert witness depositions were to be completed no later than May 28, 2021, and dispositive motions were due June 18, 2021. (ECF No. 50). Some case management deadlines were extended on February 18, 2021. (ECF No. 85). Per an order issued June 11, 2021, any further requests for written discovery were to be

submitted no later than June 25, 2021, Plaintiffs were to complete expert disclosure by September 24, 2021, Defendants were required to complete expert witness disclosure by October 15, 2021, rebuttal expert disclosure was due November 19, 2021, expert witness depositions were to be completed by December 3, 2021, and the deadline for filing dispositive motions was extended to January 21, 2022. (ECF No. 104). The Court noted at that time that discovery in the matter had opened in April of 2020.

A discovery dispute then arose with regard to ex parte communication between Mr. Hughes, one of Plaintiffs' three counsel of record, and a doctor (Merchant) who had previously worked at the Eloy Detention Center. (ECF Nos. 106 & 108). After conducting a hearing on the dispute, in an order entered July 28, 2021 the Court concluded a stay was necessary as resolution of the dispute could affect expert witness disclosure and depositions. (ECF No. 113).

On December 9, 2021, Judge Silver granted the United States' motion for sanctions and to disqualify Mr. Hughes as Plaintiffs' counsel, based on his communication with Merchant. (ECF No. 127). Judge Silver barred Mr. Hughes from communicating or providing any information learned from Merchant to Plaintiffs' remaining counsel, and prohibited Plaintiffs' remaining counsel (Mr. Alford and Ms. Nguyen) from engaging in any ex parte contact with Merchant. (*Id.*).

On January 14, 2022, the United States filed a "Motion for Limited Discovery into Plaintiffs' Counsels' Knowledge of Unethical Communications," asserting they had requested Plaintiffs' remaining counsel provide sworn declarations

> … detailing, among other things, their knowledge of the communications between Dr. Merchant and Mr. Hughes as well the efforts that have been taken to scrub or redact their case files of the contents of these communications. Mr. Alford has indicated that he will voluntarily provide such a declaration, but that Ms. Nguyen will not.

(ECF No. 128 at 1-2).  Defendant avers Mr. Alford told the United States' counsel that Ms. Nguyen "will continue to assist in preparing and/or obtaining an expert witness affidavit. After that job is complete, Ms. Nguyen will be seeking to withdraw from this case." (ECF

No. 128 at 2). Defendant states:

> Ms. Nguyen's refusal to either withdraw immediately or sign a declaration prior to continuing work on this case gives the United States considerable concern that Ms. Nguyen may have knowledge of the improper communications with Dr. Merchant, access to records detailing those communications, and may be utilizing that knowledge to assist in preparing and/or obtaining the expert witness affidavit. If she does so, and the witness relies on that knowledge, that expert witness may be subject to a motion to strike or motion to exclude.

(*Id.*). The United States notes that, although Mr. Hughes and Ms. Nguyen are not part of the same law firm (each is a sole practitioner), they occupy the same physical office space in California (Mr. Alford's office is in Flagstaff, Arizona).

In the motion at ECF No. 128 the United States asks the Court to:

> A. Enter an order to re-open written fact discovery for the limited purpose of requiring Plaintiffs' counsel Thien Nguyen to produce a sworn declaration providing the following:
>     1) Confirming whether she participated in any phone calls with Dr. Merchant, and if so, describing the details of that phone call;
>     2) Confirming whether she received any text messages from Dr. Merchant, and if so, describing the details of those text messages, and what is being done with that information at present;
>     3) Confirming whether she received any emails from Dr. Merchant, and if so, describing the details of those emails, and what is being done with that information at present;
>     4) Providing all details of what Scott Hughes informed her about his communications with Dr. Merchant, including what information he learned from Dr. Merchant;
>     5) Confirming whether she reviewed Scott Hughes' declaration that was provided to all counsel and the courts, and/or whether she assisted in drafting the declaration;
>     6) Providing all details of what steps have been taken to filter or eliminate all documentation, notes, and records containing the description of, details, or other information gathered in the contacts with Dr. Merchant, including Scott Hughes' declaration that was provided to all counsel and the courts, and drafts thereof;
> B) Set a telephonic hearing on this matter and status conference regarding the current stay in this case, if necessary.

(ECF No. 128 at 6).

- 3 -

On January 18, 2022, Ms. Nguyen filed a motion to immediately withdraw as counsel of record for Plaintiffs. (ECF No. 129). Attached to the motion are the signed statements of Plaintiffs consenting to Ms. Nguyen's withdrawal and Mr. Alford's consent to Ms. Nguyen's withdrawal and averment that he is a member in good standing of the District of Arizona bar. (ECF No. 129-1; ECF No. 129-2).

**IT IS ORDERED that** the motion to withdraw at ECF No. 129 is **granted**, and Ms. Nguyen is terminated as Plaintiffs' counsel. The Clerk of the Court is directed to terminate all notices of electronic filing to Ms. Nguyen subsequent to this Order.

**IT IS FURTHER ORDERED that**, because one alternative form of the relief sought in the motion at ECF No. 128 is that Ms. Nguyen "withdraw immediately" from this matter, and Ms. Nguyen has withdrawn, the motion at ECF No. 128 is **denied**. Should Defendants seek to determine on what basis Plaintiffs' expert(s) form their opinions, i.e., whether any information was gleaned from Ms. Nguyen, they may obtain this information by means of deposing the experts.

**IT IS FURTHER ORDERED that** the stay of the remaining deadlines in this matter is **lifted**, and the parties shall abide by the following deadlines:

1. Plaintiffs shall complete expert disclosure by **February 18, 2022**.

2. Defendants shall complete expert witness disclosure by **March 18, 2022**.

3. All rebuttal expert disclosure shall be completed no later than **April 15, 2022**.

4. All expert witness depositions shall be completed by **May 20, 2022**.

5. The deadline for engaging in good faith settlement negotiations and filing dispositive motions is **June 24, 2022**.

Dated this 19th day of January, 2022.

_____
Camille D. Bibles
United States Magistrate Judge