Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Dana M. Keene, Bar No. 033619
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
dkeene@strucklove.com

*Attorneys for Defendant CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Rene Hidalgo Lopez, et al., | NO. 2:19-cv-04332-PHX-ROS (CDB) |
| Plaintiffs, | **DEFENDANT CORECIVIC'S MOTION FOR PROTECTIVE ORDER AND ORDER STAYING DEPOSITION OF ERICA VILLALOBOS** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

Defendant CoreCivic moves for a protective order precluding Plaintiffs from deposing former CoreCivic Detention Officer Erica Villalobos pursuant to Fed. R. Civ. P. 26(c)(1).[1]  Alternatively, CoreCivic requests that the Court order that Ms. Villalobos's deposition should occur via written questions pursuant to Fed. R. Civ. P. 26(c)(1)(C)) and 31(a)(1), and/or to forbid or limit Plaintiffs from inquiring into her private health information pursuant to Fed. R. Civ. P. 26(c)(1)(D)).  If Plaintiffs are permitted to inquire into Ms. Villalobos's private health information, CoreCivic requests that any deposition taken, either orally or by written questions, be sealed and opened only on court order pursuant to Fed. R. Civ. P. 26(c)(1)(F) to protect Ms. Villalobos's privacy rights.

---

[1] Undersigned counsel met and conferred with Plaintiffs' counsel in good faith pursuant to Rule 26(c)(1) and LRCiv 7.2(j) on April 13, 2022 and on numerous occasions outlined below, in an effort to resolve this dispute without court action, but the parties have been unable to do so.  (*See* Exhibit C, Certification Pursuant to Rule 26(c)(1) and LRCiv 7.2(j)).

1

CoreCivic also moves for a stay of Ms. Villalobos's deposition, which was noticed for April 14, 2022, pending the disposition of its Motion for Protective Order.

## I.        Relevant Background Information.

Plaintiffs are the husband and children of the decedent, Raquel Calderon de Hidalgo, an ICE immigration detainee who died at the Eloy Detention Center ("EDC"), in Eloy, Arizona on November 27, 2016. (Dkt. 52 at ¶¶ 4-6). EDC was owned and operated by CoreCivic at all relevant times. (*Id.* at ¶ 8.) Plaintiffs sued CoreCivic, the United States of America, and InGenesis, Inc. (*Id.* at ¶¶ 7-9.) No individual employee of either CoreCivic, the United States, or InGenesis has been named as a defendant.[2] (*Id.*) Plaintiffs' operative complaint contains a single allegation regarding Ms. Villalobos, who was a Detention Officer at EDC during the relevant timeframe. (Dkt. 52 at ¶ 26.) The operative Complaint alleges that on November 26, 2016, when the decedent returned to her housing unit from EDC's medical clinic, she reported she did not receive treatment and was "still in tremendous pain." (*Id.*) Plaintiffs claim that the "Bravo 300 officer, Officer Erica Villalobos, reported to the Desk Officer, Officer Joaquin Archiniega, that DECEDENT was crying and complaining of pain, and Officer Archiniega agreed to contact medical…[but he] never contacted medical." (*Id.*)

Plaintiffs, through their former counsel Scott Hughes, initially indicated their intention to depose Ms. Villalobos in approximately June 2021. (*See* Declaration of Dana Keene, attached hereto as Exhibit A at ¶ 3.) On July 21, 2021, Plaintiffs noticed the deposition of Ms. Villalobos for August 7, 2021, which was later changed to August 9, 2021, although no amended notice was provided, and no deposition subpoena was served. (*Id.* at ¶ 4.) Undersigned counsel contacted Ms. Villalobos in July 2021 with the intent of speaking with her about the events and allegations in this case and preparing her for her deposition. (*Id.* at ¶ 5.) Undersigned counsel spoke with Ms. Villalobos over the phone

---

[2] Plaintiffs have sued numerous Doe Defendants (*see* Dkt. 52 at ¶¶ 10-11) but have not amended their complaint to reflect the identities of these Doe Defendants.

and met with her in person on July 27, 2021, at which time she relayed the information that follows. (*Id.* at ¶¶ 6-9.)

Ms. Villalobos was initially hired by CoreCivic in March 2013. (*See* Declaration of Erica Villalobos, attached hereto as Exhibit B at ¶ 3.)

3



If she were to testify at either a

deposition or at trial, she would be required to disclose her private medical information and personal information about her and her family ███████████████████ ████████████████████████████ which is something that would cause her great distress, and is something she wants to avoid.  (Ex. A at ¶ 14; Ex. B at ¶ 34.)

All of this information was relayed by undersigned counsel to Scott Hughes in July 2021.  (Ex. A at ¶ 15.)  Ms. Villalobos submitted a written statement as part of the investigation into the death of the Plaintiffs' decedent.  (*Id.* at ¶ 16.)  She was also interviewed by third parties conducting a Detainee Death Review, and there were interview notes prepared by the interviewers summarizing what she told them, which were produced to all parties in discovery.  (*Id.*)  Undersigned counsel informed Scott Hughes that CoreCivic would be amenable to stipulating to these statements and requested further discussion about this topic. (*Id.* at ¶ 17.)  Plaintiffs instead requested that CoreCivic produce Ms. Villalobos' medical records ██████████████████████ ██████████████████ which CoreCivic declined to do, as she is not a defendant in this case and doing so would be a gross violation of her privacy rights.  (*Id.* at ¶ 18.)  Moreover, ██████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████ which is unduly burdensome and is not proportional to the needs of this case.[3]  (*Id.*)

Undersigned counsel requested that Plaintiffs forego the deposition of Ms. Villalobos, but indicated that, as an alternative to producing her medical records, CoreCivic would agree to obtain a written declaration from her.  (Ex. A at ¶¶ 20-21.)  Scott Hughes stated he was willing to review any declarations or medical evidence that

---

[3] ██████████████████████████████████████ cal record ████████ ██████████████████████████████████████████ (Ex. A a ¶ ███████████ showing ████████ ████████████████ (Ex. A at ¶ 26.)

CoreCivic submitted to analyze the issue. (*Id.* at ¶ 22.) Undersigned counsel informed Scott Hughes that CoreCivic would provide him with her declaration by no later than July 30, 2021, but if Plaintiffs continued to pursue her deposition, CoreCivic would move for a protective order to prevent them from doing so. (*Id.* at ¶ 23.)

On July 26, 2021, the Court ordered a limited stay of the fact deposition and expert disclosure deadlines at a telephonic status conference hearing due to Scott Hughes's *ex parte* communications with former ICE Health Services Corps employee and EDC Clinical Director, Dr. Kenneth Merchant. (Ex. A at ¶ 24; *see also* Dkt. 113 at 2-3.) The Court entered a formal stay of the case by Order dated July 28, 2021. (*Id.* at ¶ 25; *see also* Dkt. 113.) Given the stay, CoreCivic did not provide Plaintiffs with Ms. Villalobos's Declaration, as her deposition was not proceeding on August 7, 2021. (*Id.* at ¶ 26.)

Undersigned counsel obtained a Declaration from Ms. Villalobos on August 24, 2021, which provides a description of ████████████████████ ███████████████████████████████████████████████████ (*Id.* at ¶ 26; *see also* Ex. B.) Ms. Villalobos's Declaration contains information regarding what she remembers during her employment at EDC during the relevant timeframe, and that she does not have any recollection of the decedent or the events surrounding her death. (Ex. A at ¶ 26; Ex. B at ¶¶ 24-33.) Ms. Villalobos's Declaration states that, if called to testify, she would not be able to provide any information about the circumstances surrounding the decedent's death and would have to assume that any statements she gave to investigators were true and accurate. (Ex. A at ¶ 27; Ex. B at ¶ 31.)

On August 27, 2021, Defendant United States filed a Motion for Sanctions for *Ex Parte* Communications (*see* Dkt. 118), which the Court granted on December 9, 2021. (Dkt. 127.) Scott Hughes was ultimately disqualified as Plaintiffs' attorney for having *ex parte* communications with Dr. Merchant in violation of ethical rules. (Dkt. 127.) On January 19, 2022, Plaintiffs' counsel Thien Nguyen withdrew from the case, leaving Elliot Alford as counsel for Plaintiffs. (Dkts. 129 and 130.) The Court reset all remaining deadlines. (Dkts. 130-132.)

6

On February 24, 2022, Mr. Alford provided a list of individuals Plaintiffs intended to depose, which included Ms. Villalobos.  (Ex. A at ¶ 31.)  On March 8, 2022, undersigned counsel objected to Plaintiffs' deposition of Ms. Villalobos, provided a description of her ███████████████████████████████ and indicated that CoreCivic would be producing Ms. Villalobos's Declaration under the Attorneys' Eyes Only provision in the parties' Protective Order. (Ex. A at ¶ 33.) Undersigned counsel informed Mr. Alford that Ms. Villalobos ██████████████████████████ ██████ and that CoreCivic would move for a protective order if Plaintiffs continued to pursue her testimony at either a deposition or at trial, but that CoreCivic would agree to use her declaration in lieu of testimony. (*Id.*)  Mr. Alford responded that he would review the declaration, but that he would need to know about Ms. Villalobos's "health status" at the time of Ms. Calderon de Hidalgo's death and on the date of her rehire in 2015. (Ex. A at ¶ 34.)  CoreCivic produced the Declaration of Erica Villalobos with its Fifth Supplemental Mandatory Initial Discovery Responses Pursuant to General Order 17-08 under the Attorney's Eyes Only provision of the parties' Protective Order on March 9, 2022. (Ex. A at ¶ 35; *see also* Dkt. 140.)

On April 1, 2022, Plaintiffs noticed Ms. Villalobos's deposition for April 14, 2022. (Dkt. 146.)  Plaintiffs also filed a deposition subpoena directed to Ms. Villalobos. (Dkt. 145.)  On the same date, Mr. Alford inquired into Ms. Villalobos's availability for a deposition and asked if undersigned counsel would accept service of the deposition subpoena. (Ex. A at ¶ 37.)  Undersigned counsel informed Mr. Alford that CoreCivic would not be producing Ms. Villalobos for a deposition. (*Id.* at ¶ 38.)  Mr. Alford stated that he did not find Ms. Villalobos's Declaration "to be compelling" and that he would have his private investigator find her address and attempt to serve her.  (*Id.* at ¶ 39.)  On April 5, 2022, Mr. Alford again asked whether undersigned counsel would accept service of the deposition subpoena on her behalf.  (*Id.* at ¶ 40.)  Undersigned counsel informed Mr. Alford that CoreCivic would not accept service of the subpoena or provide her address until the disposition of CoreCivic's motion for protective order. (*Id.*)  To date, the

deposition subpoena has not been served on Ms. Villalobos, and there is no proof of service indicating the same. (*Id.* at ¶ 41.)

On April 13, 2022, counsel for CoreCivic and Plaintiffs conducted a telephonic meet and confer, at which time Mr. Alford did not agree to take Ms. Villalobos's deposition via written questions and indicated that he would inquire into her health information at her deposition if relevant. (*Id.* at ¶ 42.)  He also indicated that he would need to depose her on the veracity of the Declaration she submitted.  (*Id.*)

## II.    This Court Should Grant CoreCivic's Protective Order Preventing Plaintiffs from Deposing Erica Villalobos.

Rule 26(c)(1) provides that a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.  *See* Fed. R. Civ. P. 26(c)(1).  Upon a motion for protective order, the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *Id.*  This order may include forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A).  The party seeking a protective order "bears the burden…of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

The circumstances surrounding this motion are unusual.  Ms. Villalobos is not a party in this case.  She does not remember any of the circumstances surrounding the decedent's death.  (Ex. A at ¶ 27; Ex. B at ¶¶ 26-31.)  If called to testify at either a deposition or at trial, Ms. Villalobos ███████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████ (Ex. A at ¶¶ 13-14.)  Ms. Villalobos's medical issues are not at issue in this case.  Inquiring into these issues at a deposition and/or at trial is an extreme violation of a nonparty fact witness's privacy rights, and would subject Ms. Villalobos to annoyance, embarrassment, oppression, and undue burden under Fed. R. Civ. P. 26(c)(1).  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (finding that the court should give weight to the

privacy interests of nonparties in determining whether good cause exits); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (in determining whether good cause exists for the issuance of a protective order, courts can balance whether disclosure will violate any privacy interests).

Moreover, to the extent Plaintiffs wish to depose Ms. Villalobos to determine her "health status" at the time of her rehiring and at the time of the decedent's death in November 2016 (*see* Ex. A at ¶ 33), this too is improper and would violate Ms. Villalobos's privacy rights. There are no allegations in Plaintiffs' operative complaint, nor is there any evidence on the record, that Ms. Villalobos's "health status" caused or contributed to the decedent's death. The operative complaint states that Ms. Villalobos notified another officer of the decedent's complaints, and that the other officer failed to contact medical. (Dkt. 52 at ¶ 26.) Discovery has not uncovered any evidence showing that Ms. Villalobos's ██████████ had any effect on her job duties in 2016. Ms. Villalobos attested that she did not suffer from any issues that would have impaired her ability to do her job correctly. (Ex. A at ¶ 8; Ex. B at ¶¶ 22.) Thus, deposing Ms. Villalobos regarding her "health status" in 2015 and 2016 is irrelevant, and would only annoy, embarrass, oppress, and/or unduly burden her.

Furthermore, Plaintiffs were informed of the possibility that Ms. Villalobos ████ ██████████████████████████████████████████ (Ex. A at ¶¶ 10-11.) Plaintiffs should not be permitted to use ████████████████████████████████ in their favor, knowing that Ms. Villalobos ██████████████████████ ██████████ CoreCivic indicated its willingness to use Ms. Villalobos's Declaration in lieu of her testimony and/or to stipulate to her written statement and the statement she gave to interviewers immediately after the death of the decedent, which outline her interactions and involvement with the decedent. (Ex. A at ¶¶ 16-17, 21, 33.) Plaintiffs have refused to discuss these alternatives.

Here, the very act of deposing Ms. Villalobos will cause her emotional distress and will annoy, embarrass, oppress, and unduly burden her. Thus, Plaintiffs should be

precluded from deposing her under Fed. R. Civ. P. 26(c)(1)(A).  *See Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637-38 (S.D. Fla. 2005) (precluding deposition of nonparty witness where medical issues prevented her from testifying and her medical issues were not in controversy.)

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times*, 467 U.S. at 36.  If the Court declines to prohibit the deposition entirely, CoreCivic respectfully requests that the Court allow Ms. Villalobos's deposition to occur via written questions pursuant to Fed. R. Civ. P. 26(c)(1)(C)) and 31(a)(1), and/or that Plaintiffs be forbidden and/or limited from inquiring into her private health information pursuant to Fed. R. Civ. P. 26(c)(1)(D)).[4]  *See* Fed. R. Civ. P. 26(c)(1)(C) (a court may "prescrib[e] a discovery method other than the one selected by the party seeking discovery"); Fed. R. Civ. P. 26(c)(1)(D) (a court may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters").  If Plaintiffs are permitted to inquire into Ms. Villalobos's health information, Defendant CoreCivic requests that any deposition taken, either orally or by written questions, be sealed and opened only on court order pursuant to Fed. R. Civ. P. 26(c)(1)(F) to protect Ms. Villalobos's privacy rights as a nonparty witness.

**III.    The Deposition of Erica Villalobos Should be Stayed Pending the Disposition of this Motion.**

It is for the Court, not Ms. Villalobos nor undersigned counsel, to relieve her of the duty to appear at this deposition.  *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[U]nless [a deponent] has obtained a court order that postpones or dispenses with his duty to appear [at a deposition], that duty remains."); *see also*

---

[4] For instance, if the Court were to limit the scope of the deposition, CoreCivic ▮▮▮▮▮▮▮▮ tted to ask Ms. Villalobos about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but that any inquiry sto▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 32, 336-37 (D. Nev. 2016) ("The mere filing of a motion for protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order."). Thus, CoreCivic respectfully requests that this deposition be stayed indefinitely pending the disposition of this Motion.

## IV.   Conclusion

For the foregoing reasons, Defendant CoreCivic moves for a protective order preventing the deposition of Erica Villalobos. Alternatively, CoreCivic requests that the Court order that Ms. Villalobos's deposition should occur via written questions pursuant to Fed. R. Civ. P. 26(c)(1)(C)) and 31(a)(1), and/or to forbid or limit Plaintiffs from inquiring into her private health information pursuant to Fed. R. Civ. P. 26(c)(1)(D)). If Plaintiffs are permitted to inquire into Ms. Villalobos's private health information, CoreCivic requests that any deposition taken, either orally or by written questions, be sealed and opened only on court order pursuant to Fed. R. Civ. P. 26(c)(1)(F) to protect Ms. Villalobos's privacy rights. Defendant CoreCivic also requests an order staying the deposition pending resolution of the motion for protective order.

DATED this 14th day of April, 2022.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Dana M. Keene
    Daniel P. Struck
    Rachel Love
    Dana M. Keene
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

*Attorneys for Defendant CoreCivic, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Elliot Alford, Esq. | elliotalford@gmail.com |
| Anne E. Nelson | anne.nelson@usdoj.gov |
| Elizabeth A. Gilbert | egilbert@jshfirm.com |

/s/Dana M. Keene

12